IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ERIC KELLY,

    Petitioner,

vs.

CIVIL ACTION NO.: CV214-005

SUZANNE HASTINGS,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Eric Kelly ("Kelly"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Kelly filed a Traverse. Respondent filed a Surreply. Kelly filed a Response. For the reasons which follow, Kelly's petition should be **DENIED**.

## STATEMENT OF THE CASE

Kelly pleaded guilty, in the Southern District of Florida, to two (2) counts of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e). Kelly was sentenced to 180 months' imprisonment on each count, the minimum term of imprisonment, to be served concurrently. Kelly did not file a direct appeal.

Kelly filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Kelly claimed that he was actually innocent of the armed career criminal enhancement and that his counsel was ineffective for failing to object to Kelly being sentenced as an armed career criminal. Kelly's motion was denied, although the district judge agreed with Kelly that his conviction for carrying a concealed firearm was no longer a crime of violence under the United States Sentencing Guidelines due to United States v. Archer, 531 F.3d 1347 (11th Cir. 2008). The district judge noted, however, that Archer did not apply retroactively to Kelly's sentence and did not provide him with any relief. (Doc. No. 9-8).

In this petition, Kelly asserts that his prior conviction for carrying a concealed firearm is not a crime of violence under the Armed Career Criminal Act ("ACCA"). Kelly also asserts that his conviction for possession and/or sale of cocaine was punishable as a third degree felony and is not a serious drug offense under the ACCA. Kelly alleges that his conviction for burglary of an unoccupied dwelling is not a crime of violence under the ACCA. Kelly contends that, as a result, he should be resentenced. Respondent contends that Kelly does not satisfy the savings clause, and his petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). A prisoner must receive permission from the appropriate court of appeals before he can file a second or successive § 2255 motion when the prisoner has filed a § 2255 motion on a previous

occasion. 28 U.S.C. §§ 2244(b)(3) & 2255(h). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Kelly's action is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Kelly contends that § 2255 is ineffective or inadequate to test the legality of his detention because: 1) his concealed firearm conviction no longer qualifies as a violent felony under the ACCA based on United States v. Canty, 570 F.3d 1251 (11th Cir. 2009); 2) the decision in Begay v. United States, 553 U.S. 137 (2008), which the Eleventh Circuit extended in Canty, overturned Circuit precedent which had foreclosed his claims earlier; 3) the new rule in Begay applies retroactively to cases on collateral review, based on Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013); 4) his sentence exceeds the statutory maximum , in violation of 18 U.S.C. § 924(a); and 5) the savings clause reaches his Begay-based claim. (Doc. No. 1, p. 5).

3

AO 72A
(Rev. 8/82)

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. In order to meet the savings clause of § 2255 to proceed pursuant to section 2241 "the claim must be based upon a retroactively applicable Supreme Court decision" and "the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). The Eleventh Circuit also noted that:

> To show his prior § 2255 motion was 'inadequate or ineffective to test the legality of his detention,' [a petitioner] must establish that (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [his] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [his] § 924(e) claim that he was erroneously sentenced above the 10-year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in Begay, as extended by this Court to [the petitioner's] distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed [his] § 924(e) claim; (3) the new rule announced in Begay applies retroactively on collateral review; (4) as a result of Begay's new rule being retroactive, [his] current sentence exceeds the 10-year statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)-Begay error claim of illegal detention above the statutory maximum penalty in § 924(a).

Bryant, 738 F.3d at 1274.

Respondent concedes that Kelly's concealed firearm conviction is no longer considered a crime of violence and is not a proper enhancement for ACCA purposes.[1] However, Respondent asserts that Kelly is still subject to the fifteen (15) year mandatory minimum sentence because he still has three (3) other ACCA predicate

---

[1] Given Respondent's concession that Kelly's conviction for carrying a concealed weapon is no longer a crime of violence under the ACCA and the undersigned's agreement with this concession based on Canty and Bryant, the undersigned need not address Kelly's concealed weapon conviction any further.

4

offenses and does not meet the Bryant test for application of the savings clause of § 2255(e).

## II. Controlled substance convictions

Respondent asserts that Kelly's two convictions for possession with intent to sell, deliver, or manufacture cocaine, in violation of FLA. STAT. § 893.13(1)(A)(1), are serious drug offenses under the ACCA. Respondent also asserts that Kelly's convictions are second degree felonies, as these offenses were punishable by sentences of ten years or more.

Kelly contends that his convictions under this statute are not drug trafficking offenses, as set forth in 18 U.S.C. § 924(a) and Donawa v. U.S. Attorney General, 735 F.3d 1275 (11th Cir. 2013). Kelly avers that the Government did not rely on his drug conviction from the year 2000 during his underlying prosecution and cannot do so now to support his ACCA conviction. Kelly alleges that his drug convictions cannot be used as prior convictions under the ACCA because he was convicted as a youthful offender, and he did not receive a sentence of a year and one month. Kelly asserts that one of his prior drug convictions is a third degree felony, which carries a five year maximum sentence and cannot qualify as a serious drug offense under the ACCA.

Respondent alleges that Donawa is not applicable because that case concerned a different subsection of § 924 than the one for which Kelly was convicted. Respondent states that the Government did not specify which predicate offenses it was relying upon for the ACCA enhancement, nor was it required to do so. Respondent contends that the ACCA is a sentencing provision which does not create a separate offense, and a defendant need only be notified of the minimum and maximum possible penalties and

5

have an opportunity to be heard concerning the prior convictions, yet Kelly did not avail himself of this opportunity. Respondent asserts that Kelly was charged as a juvenile on March 15, 2000, on a drug charge, but the case was transferred to adult court. Respondent also asserts that Kelly entered a nolo contendere plea to possession of cocaine with intent to sell or deliver, which is a second degree felony, punishable by a term of imprisonment not to exceed 15 years. Respondent alleges that, even though Kelly was sentenced to 364 days in jail, his conviction is a serious drug offense under the ACCA. Finally, Respondent alleges that Kelly's second drug conviction was for a second degree felony, which is also a qualifying offense under the ACCA.

### A. Inapplicability of Donawa

In Donawa, the Eleventh Circuit stated that "the term 'aggravated felony' means 'illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in section 924(c) of Title 18).' 8 U.S.C. § 1101(a)(43)(B)." 735 F.3d at 1280 (alteration in original). The Eleventh Circuit specifically noted that "Descamps[ v. United States, ___ U.S. ___, 133 S. Ct. 2276 (June 20, 2013),] addressed the modified categorical approach in the context of punishment under the Armed Career Criminal Act rather than, as is relevant here, the immigration context. The general analytical framework and principles, however, are analogous, and so this Court has routinely imported holdings from one context to the other." Id. at n.3. Even though the Eleventh Circuit cited to Descamps in its decision, Donawa is inapplicable here, as it concerned the application of § 924(c) rather than § 924(e), which is the subsection at issue here.

AO 72A
(Rev. 8/82)

## B. Notice of use of Kelly's prior convictions

The Eleventh Circuit has also determined that the ACCA "is merely a sentence enhancement provision; it does not create a separate offense. The predicate convictions need not be set out in the indictment nor proved beyond a reasonable doubt at trial, as they are only relevant for recidivist sentencing." United States v. Ruo, 943 F.2d 1274, 1275 (11th Cir. 1991) (internal citation omitted). "To avoid sentence enhancement under § 924(e), the burden is properly placed on the defendant raising the challenge to show the constitutional invalidity of the prior convictions." Id. at 1276. Section 924(e) is a mandatory sentencing enhancement. However, "before a defendant is sentenced pursuant to § 924(e) he must be notified of the mandatory minimum and maximum possible penalty as required by" Federal Rule of Criminal Procedure 11(c)(1). United States v. Cobia, 41 F.3d 1473, 1476 (11th Cir. 1995) (citing United States v. Hourihan, 936 F.2d 508, 509–11 (11th Cir. 1991)). "Moreover, due process requires reasonable notice of and opportunity to be heard concerning the prior convictions." Id.

In the indictment, Kelly was charged with violations of § 924(e), which is the ACCA. (Doc. No. 13-3, pp. 2–3). Kelly was again informed of his alleged violations of section 924(e) in his written plea agreement, and he was also informed that the minimum sentence the trial court was to impose was 15 years' imprisonment and the maximum sentence was life imprisonment. (Doc. No. 13-4, pp. 2–3). United States Magistrate Judge John O'Sullivan conducted a change of plea hearing and noted the charges to which Kelly was pleading guilty, any enhancements, and the maximum penalty which could be imposed. Magistrate Judge O'Sullivan recommended that Kelly be adjudicated guilty of the charged offenses (including violations of § 924(e)) and

7

advised the parties they had ten (10) days in which to file objections to his report and recommendation. (Doc. No. 13-5). There were no objections made, and United States District Judge Donald Graham adopted this recommendation. (Doc. No. 13-6). During sentencing, Kelly's attorney noted Kelly had seen the PSI, though not every paragraph, but the only objections Kelly made were for acceptance of responsibility and the enhancement for use of a firearm during the commission of a felony. (Doc. No. 13-7, p. 6). The PSI contained four (4) previous convictions: a concealed firearm charge; two (2) drug convictions; and a burglary conviction. (Doc. No. 9-9, pp. 11–13). The PSI stated that Kelly faced a sentence of at least 15 years, pursuant to section 924(e). (Id. at p. 25). After a recess, during which time Kelly was able to read the PSI and discuss it with his attorney again, Kelly made no further objections to the PSI. (Doc. No. 13-7, pp. 11–12). The probation officer noted that Kelly's sentence would have ordinarily been 100 to 125 months' imprisonment but that there was a minimum mandatory sentence of 15 years in Kelly's case. (Id. at p. 12). Kelly was sentenced to that mandatory minimum sentence. (Id. at p. 19).

Kelly had ample notice that his sentence carried a mandatory minimum sentence under § 924(e) based on his previous felonies. Kelly never objected to his actual convictions or the use of those convictions in his sentencing. Kelly has pointed to nothing which indicates the government had any further obligation in this regard, including which specific convictions it was using to seek application of the ACCA.

C. Drug convictions qualify as "serious drug offenses"

Kelly was arrested for possession with intent to sell or deliver cocaine in March 2000, in violation of FLA. STAT. § 893.13(1)(a)(1.). Though originally charged as a

juvenile, Kelly's case was transferred to adult court. (Doc. No. 13, p. 7). Kelly entered a nolo contendere guilty plea. (Doc. No. 13-8, pp. 2–3, 6). The applicable statute provided: "Except as authorized by this chapter and chapter 499, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." FLA. STAT. § 893.13(1)(a)(West 2000). A violation of this code section was a second degree felony, punishable by a term of imprisonment not to exceed 15 years. FLA. STAT. §§ 893.13(1)(a)(1.) & 775.082(4)(c)(West 2000). Kelly was sentenced to a term of 364 days' imprisonment. (Doc. No. 13-8, p. 9).

Under the ACCA, a "serious drug offense" is defined as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law[.]" 18 U.S.C. § 924(e)(2)(A)(ii). Despite Kelly being sentenced to less than one year imprisonment for this violation of § 893.13 of Florida law, he could have been sentenced to 15 years' imprisonment under State law. Thus, this conviction qualifies as a "serious drug offense" and was properly considered to be a qualifying predicate conviction under the ACCA.

Kelly's second drug conviction under Florida law is also a qualifying predicate conviction under the ACCA. Kelly filed a motion to correct clerical error in sentencing judgment with a Florida circuit court. Kelly asserted that he pleaded guilty to a third degree felony (possession of cocaine), which was punishable by five (5) years, yet the sentencing documents set forth that he was convicted of a second degree felony (sale of cocaine), which was punishable by up to 15 years. (Doc. No. 13-9, pp. 3–4). The Florida court denied Kelly's motion. (Doc. No. 13-11, p. 2). The Florida court

recognized that the prosecutor did announce that the maximum penalty applicable to the charge was five years. However, the court also recognized that all of the documents in the case—the arrest form, information, and judgment and sentence— showed that Kelly was charged with and pled guilty to the sale of cocaine, which carried with it a 15 year maximum sentence. (Id. at p. 3). The court noted that the prosecutor erred in announcing the maximum penalty was five years, but Kelly was not prejudiced by this error because he was sentenced below the maximum penalty and below the 13.2 months' statutory guidelines. (Id. at p. 4). The applicable documents reveal that Kelly pled guilty in case number F01-025550 to selling, manufacturing, delivering, or possession of cocaine with intent to distribute, in violation of FLA. STAT. § 893.13(1)(a)(1.), a second degree felony. (Id. at pp. 10, 18, 22–23, 25). In addition, the transcript from the change of plea hearing reveals that the prosecutor erred only regarding the possible sentence Kelly faced, not the actual charge to which he was pleading guilty. (Doc. No. 13-11, p. 18). Kelly's drug conviction is a second degree felony under Florida law and is a qualifying predicate offense under the ACCA.

## II. Burglary conviction

Kelly avers that his conviction for burglary of an unoccupied dwelling is not a predicate felony under the ACCA. Kelly contends that this Court cannot rely on uncontested facts set forth in his Pre-Sentencing Investigation Report ("PSI"), which merely reflects what was contained in the police report, which is not an approved document pursuant to Shepard v. United States, 544 U.S. 13 (2005). Kelly also contends that the Florida burglary statute defines a dwelling to include the structure and

its surrounding curtilage, which means that his burglary conviction could not be a violent felony under the ACCA.

Respondent asserts that the Florida burglary statute for which Kelly was convicted defines "dwelling" as a building or conveyance designed to be occupied by people at night and the "curtilage thereof." (Doc. No. 9, p. 18). Respondent contends that the inclusion of curtilage in the statute makes the Florida burglary broader than generic burglary, which means that the Court must take a modified categorical approach to determine whether Kelly's burglary conviction qualifies as a violent felony under the ACCA. Respondent contends that this Court can rely on a limit class of <u>Shepard</u> documents and on the facts set forth in the PSI if they are undisputed and deemed admitted. Respondent also contends that the facts of the burglary conviction, as contained in the PSI, establish that Kelly's prior burglary conviction was a generic burglary, which qualifies as a predicate offense for ACCA enhancement purposes.

The ACCA provides, in relevant part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
>
> As used in this subsection—
>
> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

11

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. §§ 924(e)(1) & (2)(B).

Under the ACCA, a person convicted under 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of 15 years' imprisonment if he has three prior convictions for a violent felony or serious drug offense, committed on different occasions. 18 U.S.C. § 924(e)(1). Regarding burglary, "[a]s the [ACCA] has been interpreted, a conviction for 'generic burglary' counts as a violent felony, while a conviction for 'non-generic burglary' does not." United States v. Rainer, 616 F.3d 1212, 1213 (11th Cir. 2010), abrogated on other grounds by United States v. Howard, 742 F.3d 1334 (11th Cir. 2014). A "generic" burglary is "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990). A "non-generic" burglary is one that "do[es] not include all of the elements essential to generic burglaries," including burglaries of boats, automobiles, and other non-buildings. Rainer, 616 F.3d at 1214.

"To determine whether a past conviction is for one of those crimes, courts use what has become known as the 'categorical approach': They compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—i.e., the offense as commonly understood. The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." Descamps, __ U.S. at __, 133 S. Ct. at 2281. In those instances "when a prior conviction is for violating a so-called 'divisible statute[,]'" courts

12

can use the "'modified categorical approach[.]'" Id. A divisible statute is a statute which "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." Id. "The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." Id.

Kelly was charged with burglary of an unoccupied dwelling, in violation of FLA. STAT. § 810.02(3)(b). (Doc. No. 13-10, p. 11). That statute provides: "Burglary is a felony of the second degree, . . . if, in the course of committing the offense, the offender does not make an assault or battery and is not and does not become armed with a dangerous weapon or explosive, and the offender enters or remains in a[ d]welling, and there is not another person in the dwelling at the time the offender enters or remains[.]" FLA. STAT. § 810.02(3)(b)(West 2001). A burglary was defined as "[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter[.]" FLA. STAT. § 810.02(1)(b)(1.). "'Dwelling' means a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof." Fla.

13

Stat. § 810.11(2) (West 2001). Because the Florida statute at issue is divisible, the Court must determine, under the modified categorical approach whether Kelly was convicted of a generic or non-generic felony for purposes of the ACCA. The documents submitted regarding Kelly's Florida burglary conviction reveal that he "unlawfully enter[ed] a dwelling and/or curtilage thereof, located at 1995 NORTHEAST 196TH TERRACE, . . . the property of LIZETTE WEINGARD" without her consent "as owner or custodian, the defendant having an intent to commit an offense therein[.]" (Doc. No. 13-10, p. 12).

The Eleventh Circuit has noted that, "when determining whether an offense is a violent felony (or crime of violence) under the modified categorical approach, a district court can rely on the facts set forth in the PSI if they are undisputed and thereby deemed admitted." United States v. Rozier, 701 F.3d 681, 686 (11th Cir. 2012) (citing United States v. Bennett, 472 F.3d 825, 832–34 (11th Cir. 2006) (holding that "the district court did not err in relying on the undisputed facts in Bennett's PSI to determine that his prior convictions were violent felonies under the ACCA"); and United States v. Beckles, 565 F.3d 832, 843 (11th Cir. 2009) (explaining that "where an ambiguity exists and the underlying conviction may be examined," in addition to Shepard materials the district court "also may base its factual findings on undisputed statements found in the PSI, because they are factual findings to which the defendant has assented").

Kelly's PSI details Kelly's burglary conviction as follows:

> [Kelly] and Allen Cadet pried the backdoor of, and gained entrance to a residence located at 1995 Northeast 196th Terrace in Miami, Florida. An alarm went off and police units arrived at the scene, finding [Kelly] and Cadet sitting inside Cadet's parked vehicle. While checking the area, officers found two sets of gloves and a crowbar in the rear yard of 1990 Northeast 196th Terrace. When interviewed by officer, [Kelly] denied the

14

crowbar belonged to him and claimed he was not involved in the burglary. A fingerprint analysis of the crowbar revealed otherwise, as Kelly's fingerprints were found on the crowbar.

(Doc. No. 9-9, p. 13). Kelly did not dispute the version of events of his burglary conviction, as set forth in his PSI. The version of events detailed in the PSI establishes that Kelly's burglary conviction was a generic burglary and qualifies as a predicate felony under the ACCA.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Kelly's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 27th day of May, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)